# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JOAN HEFFINGTON, Individually )
and on behalf of her minor son, G.H., )
                              )
          Plaintiff, )
                              )
vs.                               )       Case No. 11-2276-CM-KGG
                              )
Unified School District 260, *et al.*, )
                              )
          Defendants. )
                              )

## REPORT & RECOMMENDATION ON *IFP* STATUS

Plaintiff Joan Heffington filed her Complaint against Defendants on May 17, 2011 alleging disability discrimination, violations of the Rehabilitation Act, conspiracy, and intentional infliction of emotional distress/outrage. (*See generally* Doc. 1.) Plaintiff also filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application), which includes an Affidavit of Financial Status. (Doc. 3, sealed.) Having reviewed Plaintiff's motion, as well as her financial affidavit and Complaint, the Court is prepared to rule.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

According to the supporting financial affidavit, Plaintiff is a 56-year-old, widowed woman with two teen-aged dependent sons. (Doc. 3, sealed, at 2-3.) She is unemployed, but previously worked for the Boeing Company, for 17 years, making a modest salary as a "senior buyer." She lists no employment history for her deceased spouse. (*Id*., at 3-4.) She indicates that she receives Social Security benefits (*Id*., at 6), but does not state the amount. From other information contained in her affidavit, the Court surmises, however, that her sons <u>each</u> receive over $1,400 per month in Social Security benefits, presumably relating to the death of their father. (*Id*., at 3.) She also lists an amount received from "pensions, trust

2

funds, annuities or life insurance payment," which she indicates was "needed . . . to pay bills and taxes." (*Id*., at 6.)

Plaintiff owns a substantial home, with apparently nothing remaining to pay on the mortgage. Based on Plaintiff's valuation, the house has hundreds of thousands of dollars in equity. (*Id*., at 4-5.) She owns two modest automobiles outright, with approximately $10,000 in residual value. (*Id*., at 5.) She also lists a small amount of cash on hand, while listing tens of thousands of dollars in "equity on other properties." (*Id*., at 5, 6.)

Plaintiff enumerates the typical monthly expenses, including groceries, utilities, and telephone, as well as health, life, and auto insurance. (*Id*., at 6.) Under other debts, she lists monthly payments to "compassion/church," "yard maint./homeowners dues," "gas for 2 vehicles/repairs" (the amount of which seems unusually high without additional information, in the Court's opinion), in addition to an amount of several hundred dollars monthly for "school lunches, clothing, pizza, misc., for 2 boys (est.)." (*Id*., at 6-7.) Finally, she states that she has "cashed in all savings bonds to help pay monthly bills and feed my family." (*Id*., at 7.)

Considering all of the information contained in the financial affidavit, Plaintiff has not established that her access to the Courts would otherwise be

3

seriously impaired if she is not granted *IFP* status. To the contrary, Plaintiff literally has hundreds of thousands of dollars in equity in her home, automobiles, and other properties. Plaintiff is clearly not in the type of financial situation for which the *IFP* status was created. Under these circumstances, the undersigned Magistrate Judge recommends that Plaintiff's motion for *IFP* status be **DENIED**.[1]

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's motion for *IFP* status be **DENIED**.

**IT IS FURTHER ORDERED** that a copy of the recommendation shall be sent to Plaintiff *via* certified mail. Pursuant to 28 U.S.C. §636(b)(1), Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have ten days after service of a copy of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, her written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the ten-day period will bar appellate review of the proposed findings of fact, conclusions of law, and

---

[1] A United States Magistrate Judge, on a plaintiff's motion to proceed *in forma pauperis*, should issue a report and recommendation as to whether the plaintiff is entitled to IFP status, rather than denying motion outright, since denial would be the functional equivalent of involuntary dismissal. ***Lister v. Department of Treasury***, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

the recommended disposition.

Dated at Wichita, Kansas, on this 3rd day of June, 2011.

                                              s/ K<small>ENNETH</small> G. G<small>ALE</small>
                                              KENNETH G. GALE
                                              United States Magistrate Judge