IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOAN HEFFINGTON, individually and on behalf of her minor son, G.H.<br><br>Plaintiff,<br><br>v.<br><br>UNIFIED SCHOOL DISTRICT 260, CRAIG WILFORD, ADAM DeVAULT, JEFF GRIFFITH, and GRIFFITH & GRIFFITH,<br><br>Defendants. | CIVIL ACTION<br>No. 11-2276-CM |

### MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Objections to Report and Recommendation on *IFP* Status (Doc. 14). Magistrate Judge Gale recommended denying plaintiff's Motion to Proceed Without Payment of Fees because he found that plaintiff does not qualify to proceed *in forma pauperis* (Doc. 10). Plaintiff timely objected to the Report and Recommendation.

In reviewing a magistrate judge's Report and Recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). In the court's review, the court must "consider relevant evidence of record and not merely review the magistrate judge's recommendation." *In re Griego*, 64 F.3d 580, 584 (10th Cir. 1995). The court has reviewed the record in accordance with this standard, and finds that plaintiff's objection should be overruled.[1]

A court of the United States may allow commencement of an action without payment of the

---

[1] The facts are set forth in the Report and Recommendation and will not be needlessly repeated here.

required fees by a party who submits an affidavit showing inability to pay such fees. 28 U.S.C. § 1915(a)(1). Contrary to plaintiff's objection, "[s]ection 1915(a) applies to all persons applying for *IFP* status, and not just to prisoners." *Lister v. Dept. of the Treasury*, 408 F.3d 1309, 1311 (10th Cir. May 25, 2005). The decision to grant *in forma pauperis* status to a claimant is within the sound discretion of the trial court. *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999). Courts, however, must not deny a claimant the privilege of *in forma pauperis* status arbitrarily or erroneously. *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997).

Plaintiff has been unemployed since 1999. Her house and vehicles are paid off and value approximately $360,000. She reported monthly Social Security for her two sons of $2,862; a "pensions, trust funds, annuities or life insurance payment" of $1,000; and $85,000 in equity in other properties. (Doc. 3.) Her monthly household expenses are $1,458. She listed an additional $1,378 of monthly expenses for "compassion/church," vehicle gas and repairs, home maintenance, taxes, and food and clothing, some of which was already reported in her monthly household expenses. (*Id*.) In her objection, plaintiff reiterates that she only has $165 in her checking account and states that she recently had to borrow from her life insurance policy to pay bills. Despite this, plaintiff has described a financial status that indicates an ability to pay the required fees.

Plaintiff relies on an affidavit she attached from another case. However, that affidavit does not support her arguments. In that case, the petitioner stated that she was employed full-time "in the religious service of peacemaking," without compensation. (Doc. 14, Ex. A.) The petitioner had no money, no property, and no stocks or other valuables. Here, plaintiff has property valued in excess of $400,000 and monthly Social Security benefits in excess of $2,000. Although a burden may

result from plaintiff's payment of these fees, plaintiff's financial situation is not one for which *IFP* status was designed. The Report and Recommendation to deny plaintiff's Motion to Proceed Without Payment of Fees is affirmed.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to Report and Recommendation on *IFP* Status (Doc. 14) is overruled.

**IT IS FURTHER ORDERED** that Magistrate Judge Gale Report and Recommendation (Doc. 10) is adopted in its entirety.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Proceed without Payment of Fees (Doc. 3) is denied.

Dated this 19th day of July 2011, at Kansas City, Kansas.

                        **s/ Carlos Murguia**
                        **CARLOS MURGUIA**
                        **United States District Judge**