IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOAN HEFFINGTON, individually and on behalf of minor son G.H.,** ) ) ) **Plaintiff,** ) ) v. ) ) **DERBY UNITED SCHOOL DISTRICT 260,** *et al.* ) ) **Defendants.** ) ) | Case No. 11-2276-CM |

## MEMORANDUM AND ORDER

Plaintiff, acting *pro se* and purportedly on behalf of herself and her minor son G.H., alleges that defendants discriminated against G.H. in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; denied G.H his rights under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and committed various state law torts including intentional infliction of emotional distress/outrage and conspiracy/collusion.  This matter is before the court on defendants' motions to dismiss (Doc. 16 and 18).  Defendants move to dismiss plaintiff's complaint on several grounds arising under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the court grants defendants' motions.

### I. Factual and Procedural Background

G.H. is seventeen years old and attends a high school in the Derby United School District 260. Plaintiff is G.H.'s mother, and she is the Chief Executive Officer of the Association for Honest Attorneys ("A.H.A!").  (Doc. 1 at 9.)  A.H.A! is a non-profit organization dedicated to discouraging litigation, improving the legal system, and seeking "justice for all."

Plaintiff alleges that defendants discriminated against G.H. by denying "him his right to play trombone in the high school marching band, because he had a mild case of Asperger's Syndrome

-1-

resulting in a processing order." (Doc. 1 at 11.) She further alleges that defendants refused to revise G.H.'s Section 504 plan, refused to offer him additional assistance to help him pass his classes, and denied G.H. a free appropriate public education. Because G.H. was cut from marching band and was struggling with school, G.H. became depressed, lost friends, and felt inadequate. Plaintiff, observing G.H.'s distress, also became distressed. She contacted defendants about resolving this matter, but defendants refused. Plaintiff filed a complaint with the Office of Civil Rights, which was subsequently denied. Plaintiff further alleges that defendants retaliated against her for her involvement in A.H.A!

**II.     Legal Standards**

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim for relief. The party asserting jurisdiction has the burden of establishing subject matter jurisdiction. *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008). A motion under this rule attacks the existence of jurisdiction rather than the allegations of the complaint and, therefore, dismissal under this rule is not a judgment on the merits of the claims. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that fails to state a claim upon which relief can be granted. In analyzing a challenge under this rule, the court accepts as true all well-pleaded factual allegations and construes them in the light most favorable to the plaintiff. *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 936, 941 (10th Cir. 2007). Ultimately, the court determines whether the complaint sets forth a plausible basis for recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The court must construe a *pro se* litigant's complaint liberally and apply a less stringent standard than is applicable to pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In the Tenth Circuit, this rule "means that if the court can reasonably read the

pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, . . . or his unfamiliarity with pleading requirements." *Id.* But the district court cannot become the *pro se* litigant's advocate and "will not construct arguments or theories for the plaintiff" that have not been previously raised. *Drake v. City of Ft. Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

### III. Analysis

#### a. Plaintiff's Representation of G.H.

Defendants first argue that plaintiff, who is acting *pro se*, cannot represent her minor son G.H. in this lawsuit. Neither 28 U.S.C. § 1654 nor Federal Rule of Civil Procedure 17 allows a *pro se* non-lawyer parent to represent a minor. Accordingly, the Tenth Circuit has held that a non-attorney parent bringing an action on behalf of her minor child must be represented by counsel. *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). This rule protects the legal interests of minors and prevents non-licensed persons from appearing as attorneys on behalf of others. *See Cheung v. Youth Orchestra Found. of Buffalos, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]it is not in the interests of minors or incompetents that they be represented by non-attorneys."). Plaintiff is not an attorney, she is not represented by an attorney, and she is purportedly bringing this action on behalf of her minor son G.H.[1] Therefore, based on the above authorities, plaintiff cannot bring a claim on G.H.'s behalf. *See Heffington v. Dist. Court of Sedgwick Cnty.*, No. 05-4028-SAC, 2005 U.S. Dist. LEXIS 15343, at *4–6 (D. Kan. June 17, 2005) (dismissing this plaintiff's claims brought on behalf of minor son). The court dismisses G.H.'s claims without prejudice.

---

[1] Judge William Woolley of the District Court of Sedgwick County, Kansas, recently ordered plaintiff to "forever refrain from the unauthorized practice of law in Kansas[.]" Journal Entry of Judgment at 7, *State of Kansas ex rel. Six v. Heffington*, No. 09-4757 (Kan. Ct. Dist. Feb. 10, 2011). The court does not make a formal finding, but it appears plaintiff's current lawsuit violates this order. The court directs the clerk of the court to send a copy of this opinion to the Kansas Attorney General.

**b. Plaintiff's Claims Based on Injuries to G.H.**

Defendants next argue that plaintiff's federal claims should be dismissed because plaintiff does not have standing to assert claims that rest on the legal rights and interests of G.H. Plaintiff has the burden of establishing subject matter jurisdiction. *Port City Props.*, 518 F.3d at 1189. The general rule is that a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

In this case, plaintiff brings ADA and Rehabilitation Act claims that arise from discrimination against, or the denial of assistance to, G.H. These alleged violations are solely the legal rights and interests of her son, G.H. Indeed, plaintiff has not identified any argument or authority that would allow her to bring these claims based on injuries suffered by G.H. And the court is not aware of any controlling authority that creates parental standing for claims brought under the ADA and the Rehabilitation Act.[2] Because she is not allowed to bring claims that assert the legal rights of others, the court dismisses plaintiff's ADA and Rehabilitation Act claims for lack of jurisdiction.

---

[2] The Supreme Court recently analyzed the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq*., and determined that this statute creates substantive rights for parents that are coterminous to the rights of the child. *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007). The lower courts interpreting *Winkelman* are divided as to whether the Supreme Court's reasoning extends to claims under the ADA and the Rehabilitation Act. *Compare Woodruff v. Hamilton Twp. Pub. Sch.*, 305 Fed. App'x 833, 836 (3d Cir. 2009) (holding that "*Winkelman* does not translate into a broad right to pursue any statutory or common law claims on a child's behalf"); *M.W. v. Avilla R-XIII Sch. Dist.*, No. 09-05098, 2011 U.S. Dist. LEXIS 85592, at * 7 (W.D. Mo. Aug. 3, 2011) ("[T]he Court does not find that the *Winkelman* parental standing holding applies to claims brought under the Rehabilitation Act and the ADA."); *Hooker v. Dallas Indep. Sch. Dist.*, No. 09-0676, 2010 U.S. Dist. LEXIS 108900, at *16–17 (N.D. Tex. Sept. 13, 2010), *adopted* 2010 U.S. Dist. LEXIS 108959 (N.D. Tex. Oct. 13, 2010); *L.F. v. Houston Indep. Sch. Dist.*, No. 08-2415, 2009 U.S. Dist. LEXIS 86065, at *64 (S.D. Tex. Sep. 21, 2009); *D.A. v. Pleasantville Sch. Dist.*, No. 07-4341, 2009 U.S. Dist. LEXIS 30104, at *25 (D.N.J. Apr. 6, 2009) *with Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) (holding that parent had standing to bring ADA and Rehabilitation Act claim insofar as she was asserting and enforcing her son's rights and incurring expenses for his benefit); *Clark v. Las Cruces Pub. Sch. Dist.*, No. 10-307, 2010 U.S. Dist. LEXIS 141387, at *8 (D.N.M. July 1, 2010); *B.D.S. v. Southold Union Free Sch. Dist.*, 2009 U.S. Dist. LEXIS 55981, at *42–43 (E.D.N.Y. June 24, 2009) (allowing parent to bring ADA claim because "a parent of a child with a disability has a particular and personal interest in preventing discrimination against that child").

Plaintiff never argued that the ADA and the Rehabilitation Act created standing for her to assert injuries to G.H. And the court is not aware of any controlling Tenth Circuit precedent that extends *Winkelman* to ADA and Rehabilitation Act claims. Although the court can construe a *pro se* litigant's pleadings broadly, the court cannot become an advocate and assert arguments that plaintiff failed to discuss. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997)

Because plaintiff is *pro se*, the court broadly construes her complaint.  *See Hall*, 935 F.2d at 1110 (instructing courts to liberally construe a pro se litigant's complaint).  Plaintiff's complaint could potentially state a claim under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.*, which plaintiff would be able to bring in her own right.  *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 533 (2007).   Before plaintiff may bring an action under this act, however, she must exhaust her administrative remedies.  *Ellenberg v. N.M. Military Inst.*, 478 f.3d 1262, 1279 (10th Cir. 2007).  Plaintiff's complaint does not include sufficient facts to show exhaustion of administrative remedies nor does it include sufficient facts to demonstrate an exception to the exhaustion requirement.  *Id.* at 1277–78.  Accordingly, this court is without jurisdiction to determine the merits of an IDEA claim.

### c. Plaintiff's Remaining Claims

Plaintiff also asserts several state law claims.  The court had original jurisdiction over plaintiff's federal claims and supplemental jurisdiction over plaintiff's state law claims.  Based on this order, however, all of plaintiff's federal claims have been dismissed.  A district court may decline supplemental jurisdiction when all claims over which it had original jurisdiction are dismissed.  *Exsum v. U.S. Olympic Comm.*, 389 F.3d 1130, 1138–39 (10th Cir. 2004).  This court declines to exercise supplemental jurisdiction over plaintiff's claims for conspiracy/collusion and intentional infliction of emotional distress/outrage.  These claims are dismissed without prejudice.

---

("This court, however, will not . . . construct a legal theory on plaintiff's behalf.").  Accordingly, this issue is not before the court.

**IT IS THEREFORE ORDERED** that defendants' motions to dismiss (Docs. 16 and 18) are granted. Plaintiff's and G.H.'s claims are dismissed without prejudice.

**IT IS FURTHER ORDERED** that the clerk of court mail a copy of this opinion to the Kansas Attorney General, 120 S.W. 10th Avenue, 2nd Floor, Topeka, Kansas 66612.

Dated at this 28th day of October, 2011, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
United States District Judge
